1

2

3            UNITED STATES DISTRICT COURT

4            NORTHERN DISTRICT OF CALIFORNIA

5                  OAKLAND DIVISION

6

7  RONALD E. WALTERS,

8              Petitioner,                   No. C 09-1526 PJH (PR)

9     vs.                                    **ORDER GRANTING
                                             RESPONDENT'S MOTION TO
10 A. HEDGEPETH, Warden,                     DISMISS AND DENYING
                                             CERTIFICATE OF
11             Respondent.                    APPEALABILITY**
   _____/

12

13        This is a habeas case brought pro se by a state prisoner under 28 U.S.C. § 2254.

14 Respondent has filed a motion to dismiss on grounds that the petition is barred by the

15 statute of limitations.  Petitioner has filed an opposition and respondent a reply.  For the

16 reasons set out below, the motion is granted.

17                          **DISCUSSION**

18        Respondent contends that this petition is barred by the statute of limitations.  The

19 statute of limitations is codified at 28 U.S.C. § 2244(d).  Petitions filed by prisoners

20 challenging non-capital state convictions or sentences must be filed within one year of the

21 latest of the date on which:  (A) the judgment became final after the conclusion of direct

22 review or the time passed for seeking direct review; (B) an impediment to filing an

23 application created by unconstitutional state action was removed, if such action prevented

24 petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme

25 Court, if the right was newly recognized by the Supreme Court and made retroactive to

26 cases on collateral review; or (D) the factual predicate of the claim could have been

27 discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).  Time during

28 which a properly filed application for state post-conviction or other collateral review is

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    pending is excluded from the one-year time limit.  *Id.* § 2244(d)(2).

2        The usual starting date for most state prisoner habeas petitions is the date direct

3    review concluded, and here petitioner does not argue for any other.

4        In 2004 petitioner pled nolo contendere to eight counts of lewd and lascivious

5    conduct with a child,  violations of section 288(a) of the California Penal Code.  He filed an

6    appeal.  His counsel filed a *Wende*[1] brief in the California Court of Appeal.  Mot. to Dismiss,

7    Ex. A (opinion of court of appeal) at 2.  While the appeal was pending, counsel filed in trial

8    court a motion challenging the court's calculation of petitioner's pre-sentence credits.  *Id.*

9    The trial court denied the motion.  After it had done so, petitioner voluntarily dismissed his

10   appeal from the conviction.  *Id.*  The dismissal was on May 2, 2005.  Reply, Ex. 1.

11       On May 12, 2005, petitioner filed a new appeal, this one directed to the ruling on the

12   time credits motion.  *Id.*  The California Court of Appeal affirmed the trial court's ruling on

13   that motion in an opinion filed on January 8, 2007.  No petition for review was filed.  The

14   consequence is that the court of appeal's affirmance of the trial court's ruling on the time

15   credits motion became final forty days later, on February 17, 2007, when the time to file a

16   petition for review expired.  *See* Cal. R. Ct. 8.366(b)(1) (court of appeal opinion in criminal

17   case becomes final thirty days after it is filed); Ca. R. Ct. 8.500(e)(1) (petition for review

18   must be filed within ten days of date court of appeal opinion becomes final).  Absent tolling,

19   and treating the proper triggering date for the limitations period as being conclusion of the

20   second appeal, the latest possible deadline for petitioner to file this petition was February

21

22

23          [1]In *People v. Wende*, 25 Cal. 3d 436 (1979), the California Supreme Court established

24   a procedure for those cases which appellate counsel believes to be frivolous.  Counsel, upon
     concluding that an appeal would be frivolous, files a brief with the appellate court that

25   summarizes the procedural and factual history of the case.  Counsel also attests that he or she
     has reviewed the record, explained the evaluation of the case to the client, provided the client

26   with a copy of the brief, and informed the client of the client's right to file a pro se supplemental
     brief.  Counsel further requests that the appellate court independently examine the record for

27   arguable issues.  *See Smith v. Robbins*, 528 U.S. 259, 265 (2000) (citing *Wende*).  The
     appellate court, upon receiving a "*Wende* brief," conducts a review of the entire record and

28   affirms if it finds the appeal to be frivolous.  If, however, it finds an arguable (i.e., nonfrivolous)
     issue, it orders briefing on that issue.  *Id.* at 266.

United States District Court

For the Northern District of California

1  17, 2008.[2]  *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (adopting

2  "anniversary method" of calculating AEDPA statute of limitations; expiration date of the

3  limitation period will be same date as triggering event but in following year).  This petition

4  was not filed until March 30, 2009, however.

5       The habeas statute of limitations is statutorily tolled for the time during which a

6  properly filed application for state post-conviction relief or other collateral review is pending.

7  28 U.S.C. § 2244(d)(2).  Petitioner's first state habeas petition was not filed until March 17,

8  2008.[3]  Mot. to Dismiss, Ex. 2.  It thus was not filed until after the federal limitations period

9  had expired and did not toll it.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir.

10 2003) ("[S]ection 2244(d) does not permit the reinitiation of a limitations period that has

11 ended before the state petition was filed," even if the state petitioner was timely filed).

12 Statutory tolling does not aid petitioner.

13      Petitioner contends in his opposition that "[o]n or about December 19, 2007[,] I filed

14 a petition for review and alleged ineffective assistance of counsel because my appeal Atty.

15 convinced me to file a Wend[e] Brief on direct [a]ppeal."  Opp. at 1.  He says that in March

16 of 2008 he received from the post office a plastic bag that contained the mangled evelope

17 in which he had mailed his petition for review, with a note saying that it had been found "in

18 a machine."  *Id.*, Decl. Walters at ¶ ¶ 2-3.  He does explain why this would be relevant to

19 the timeliness issue, but it will be treated as an attempt to invoke equitable tolling.

20

---

21      [2]  In his reply, respondent contends that the limitations period should run from the date
   the first appeal became final, in May of 2005.  This position has some appeal, as petitioner's
22 claims relate only to his conviction and it was the first appeal, not the second, that was directed
   to the conviction itself.  On the other hand, the AEDPA limitations statute refers to the
23 triggering date as "the date on which the judgment became final by the conclusion of direct
   review . . . ," and it  might be argued that direct review has not "concluded" until no further
24 appeals will be entertained by the state appellate courts.  If that were correct, the triggering
   date might be conclusion of the second appeal.  This issue need not be resolved here, be-
25 cause the petition is untimely even if the triggering date is assumed to be the date the
   second appeal concluded.  The analysis here is based on that assumption.

26
      [3]  March 17 is the date petitioner gives in the certificate of mailing as the date he placed
27 the petition in the institution's mail.  It thus is treated as the filing date under the "mailbox rule."
   *See Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003) (one-year federal limitations
28 period is tolled under 28 U.S.C. § 2244(d)(2) starting on day prisoner delivers state petition to
   prison authorities for forwarding to state court).

United States District Court

For the Northern District of California

1    A petitioner is entitled to equitable tolling of the AEDPA limitations period only if "he

2    shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

3    circumstances stood in his way' and prevented timely filing." *Holland v. Florida*, No. 09-

4    5327, slip op. at 16-17 (U.S. June 14, 2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408,

5    418 (2005)).  Petitioner says that he mailed his petition for review on December 19, 2007,

6    approximately twenty-one months after he had dismissed his first appeal.  In the California

7    appellate courts, orders granting a voluntary dismissal, such as the one here, are final upon

8    filing, *see* Cal. R. Ct. 8.366(b)(2)(B), so even assuming that the court of appeal's grant of

9    his motion to dismiss could be the subject of a petition for review, that petition would have

10   been due within ten days of the date of the dismissal, not twenty-one months later.  *See*

11   Cal. R. Ct. 8.500(e)(1) (petition for review must be filed within then days of date of court of

12   appeal decision).  This clearly was not diligent pursuit of his rights, the first *Holland*

13   requisite for equitable tolling.  Equitable tolling is not available here.

14       In the absence of any basis for tolling, petitioner's federal petition is untimely.  The

15   motion to dismiss will be granted.

16   **II.    Appealability**

17       The federal rules governing habeas cases brought by state prisoners require a

18   district court that enters a final order in a habeas case to grant or deny a certificate of

19   appealability in the ruling.  *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll.

20   § 2254 (effective December 1, 2009).

21       A petitioner may not appeal a final order in a federal habeas corpus proceeding

22   without first obtaining a certificate of appealability (formerly known as a certificate of

23   probable cause to appeal).  *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  Section

24   2253(c)(1) applies to an appeal of a final order entered on a procedural question

25   antecedent to the merits, for instance a dismissal on statute of limitations grounds, as here.

26   *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

27       "Determining whether a COA should issue where the petition was dismissed on

28   procedural grounds has two components, one directed at the underlying constitutional

United States District Court

For the Northern District of California

claims and one directed at the district court's procedural holding." *Id.* at 484-85. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485. Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue, as was done here. *See id.*

The petition here clearly is untimely. Reasonable jurists would not find this assessment debatable or wrong. A certificate of appealability will be denied.

## CONCLUSION

Respondent's motion to dismiss (document number 11 on the docket) is **GRANTED**. The petition is **DISMISSED**. A certificate of appealability is **DENIED**.[4] The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: August 19, 2010.                  _____
                                                      PHYLLIS J. HAMILTON
                                                      United States District Judge

P:\PRO-SE\PJH\HC.09\WALTERS1526.RUL.wpd

---

[4]  If petitioner desires to appeal, he must file a notice of appeal. Rule 11(b), Rules Governing § 2254 Case, 28 U.S.C. foll. § 2254. He may then seek a COA from the court of appeals. *See* Fed. R.App.P. 22(b)(1).

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28